UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN S. KWOLEK, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-mc-53 |
| UNITED STATES OF AMERICA, | ) | ELECTRONICALLY FILED |
|     Respondent. | ) | |

**MEMORANDUM ORDER RE: RESPONDENT'S MOTION TO DISMISS**

*I. BACKGROUND*

Currently before this Court is Petitioner, Marilyn S. Kwolek's, ("Petitioner") Motion to Quash IRS Summons. Doc. No. 1. Petitioner requests that this Court quash summonses issued by the Department of the Treasury's Internal Revenue Service ("IRS") which seek records from third-party record-keepers regarding internal revenue matters allegedly involving Petitioner.[1] Petitioner contends that the IRS summonses are unsuited for this Court's judicial imprimatur because: (1) the summonses seek to acquire evidence in support of a criminal prosecution; and (2) the IRS no longer abides by the strictures of *LaSalle* (*United States v. LaSalle Nat. Bank,* 437 U.S. 298 (1978)) that permitted judicial enforcement of civil summonses outside of the criminal process and the IRS "is no longer institutionally committed" to the limits of *Tweel* (*United States v. Tweel,* 550 F.2d 287 (5th Cir. 1997)) for misusing the civil process to acquire information for criminal referral and investigation outside of the grand jury without according proper notice to the individual. Doc. No. 1, 1.

---

[1] The IRS summonses being contested were issued on February 1, 2011, and direct Atlas Resources Public 17-2007 A, Atlas Resources Public 18-2008 A, and Atlas Resources Public 17-2008 A, which are all located at 1550 Coraopolis Heights Road, Moon Township, Pennsylvania,

The United States of America, ("Respondent") has filed a Motion to Dismiss and contends that this Court lacks personal jurisdiction over it because Petitioner failed to effectuate proper service and thus, her Petition to Quash IRS Summons should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(5).

For the following reasons, this Court will grant the Respondent's Motion to Dismiss without prejudice. Doc. No. 6.

## II. DISCUSSION

Respondent contends that because Petitioner failed to obtain a summons from the Clerk of Court and therefore did not mail the Motion to Quash IRS Summons with a summons and by registered or certified mail, the Respondent was not properly served as required by Federal Rule of Civil Procedure 4(i). Respondent contends that because Petitioner failed to properly serve her Motion to Quash the IRS Summons, said Motion should be dismissed because of lack of personal jurisdiction over Respondent and insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

Petitioner acknowledges that "many circuits" require service of process under Federal Rule of Civil Procedure 4(i), but contends that 26 U.S.C. § 7609 was intended to substitute for Rule 4's service requirements.[2] Doc. No. 8, 8. Accordingly, Petitioner argues that effectuating service of process according to 26 U.S.C. § 7609 established this Court's subject matter and personal jurisdiction over Respondent.

---

[2] Indeed, Petitioner claims to have requested a summons in this matter, but was allegedly informed that no summons was necessary and that the summons that had been issued was done so in error. Doc. No. 8-6, Exhibit E. The Court notes that the summons attached to Petitioner's Brief in Opposition has a different civil action number than the present case. However, the Court need not address the merits of the summons because Respondent's Motion to Dismiss will be granted without prejudice for Petitioner to effectuate proper service.

> 26 U.S.C. § 7609(b)(2) provides in pertinent part as follows:
>
> (2) Proceeding to quash.-
>
> (A) In general.-Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
>
> (B) Requirement of notice to person summoned and to Secretary.-If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2). Although this section provides for the issuance of IRS summonses and petitions to quash such summons, it specifically states that its provisions as "notwithstanding any other law or rule of law." *Id.*

Indeed, a Petitioner must serve the United States in accordance with both Federal Rule of Civil Procedure 4(i) and 26 U.S.C. § 7609(b)(2)(B). This provision is both mandatory and jurisdictional. *See Norfleet v. United States*, 2002 WL 1396494 (E.D.N.C.), aff'd 48 Fed. Appx. 907 (4th Cir. 2002). This finding is consistent with an Opinion by a colleague Judge in the United States District Court for the Western District of Pennsylvania. *See Tuka v. United States of America, et. al.*, 2008 WL 4372363 (W.D.Pa. Sept. 23, 2008) (Ambrose, J.). As such, service effectuated under 26 U.S.C. § 7609 does not relieve Petitioner of the requirement to effectuate service of process in accordance with Federal Rule of Civil Procedure 4. *See Tuka*, 2008 WL 4372363 at * 1 ("[Rule 4] is a procedural requirement that may not be ignored.").

Petitioner does not dispute that service of process was not effectuated according to Federal Rule of Civil Procedure 4(i). Doc. No. 8. This Court would have acquired personal jurisdiction over Respondent only if Respondent was properly served under Federal Rule of Civil

Procedure 4(i) and 26 U.S.C. § 7609. *See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Grand Entm't Group, Ltd.*, 988 F.2d 476, 492 (3d Cir. 1993); *United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992). Accordingly, because proper service was not effectuated, this Court lacks personal jurisdiction over Respondent. As such, Respondent's Motion to Dismiss (Doc. No. 6) will be granted without prejudice.[3] Petitioner is instructed that in light of Federal Rule of Civil Procedure 4(m), she has until June 22, 2011, to obtain the proper summons and effectuate proper service.

### III. ORDER

AND NOW, this 24th day of March 2011, Respondent's Motion to Dismiss (Doc. No. 6) is HEREBY **GRANTED**. Petitioner's Petition to Quash IRS Summons is **DISMISSED without prejudice** to effectuate proper service on Respondent in accordance with Federal Rule of Civil Procedure 4(i) on or before June 22, 2011.

BY THE COURT:

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

---

[3] Because Respondent's Motion to Dismiss is being granted for lack of jurisdiction, this Court need to address any of the substantive allegations in Petitioner's Motion to Quash. Doc. No. 1.