UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN S. KWOLEK, | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | Case No. 11-mc-53 |
| UNITED STATES OF AMERICA, | ) | ELECTRONICALLY FILED |
|     Respondent. | ) | |

**MEMORANDUM ORDER RE: PETITIONER'S MOTION TO QUASH IRS SUMMONS (Doc. No. 1) AND RESPONDENT'S MOTION FOR SUMMARY DENIAL (Doc. No. 14)**

*I. BACKGROUND*

Currently before this Court is Petitioner, Marilyn S. Kwolek's ("Petitioner" or "Kwolek") Motion to Quash IRS Summons. Doc. No. 1. Petitioner requests that this Court quash summonses issued by the Department of the Treasury's Internal Revenue Service ("IRS") which seek records from third-party record-keepers regarding internal revenue matters allegedly involving Petitioner.[1] Petitioner contends that the IRS summonses are unsuited for this Court's judicial imprimatur because: (1) the summonses seek to acquire evidence in support of a criminal prosecution; (2) the IRS no longer abides by the strictures of *United States v. LaSalle Nat. Bank,* 437 U.S. 298 (1978) which permitted judicial enforcement of civil summonses outside of the criminal process and (3) the IRS "is no longer institutionally committed" to *United States v. Tweel,* 550 F.2d 287 (5th Cir. 1997) which limits misuse of the civil process to acquire

---

[1] The IRS summonses being contested were issued on February 1, 2011, and direct Atlas Resources Public 17-2007 A, Atlas Resources Public 18-2008 A, and Atlas Resources Public 17-2008 A, which are all located at 1550 Coraopolis Heights Road, Moon Township, Pennsylvania, to appear and produce records and documents relating to Petitioner concerning her alleged partnership sharing of income and capital contributions to Atlas Resources.

information for criminal referral and investigation outside of the grand jury without proper notice to the individual. Doc. No. 1, 1.

On March 11, 2011, the United States of America, ("Respondent") filed a Motion to Dismiss contending that this Court lacked personal jurisdiction over it because Petitioner failed to effectuate proper service and thus, her Petition to Quash IRS Summons should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(5). The Court granted the Government's Motion to Dismiss without prejudice for Petitioner to effectuate proper service on or before June 22, 2011. Doc. No. 9. On June 22, 2011 Petitioner filed a copy of a summons served upon Respondent and an executed return of service. Doc. Nos. 12 and 13.

In response to Petitioner's original Motion to Quash IRS Summons (Doc. No. 1), on June 30, 2011, Respondent filed a Motion for Summary Denial of Petitioner's Motion. Doc. No. 14. After careful review of Petitioner's original Motion (Doc. No. 1), Respondent's Motion for Summary Denial (Doc. No. 14) and Petitioner's Opposition and brief in support thereof (Doc. No. 16), this Court will: (1) deny Petitioner's Motion to Quash IRS Summons; (2) grant Respondent's Motion to for Summary Denial of Petition; and (3) will instruct the Clerk of Court to mark this case closed.

## II. DISCUSSION

In support of its Motion for Summary Denial of Petitioner's Motion, the United States argues that collateral estoppel bars the current Petition to Quash IRS Summons because nearly identical Petitions to Quash IRS Summons were filed in the United States District Court for the Northern District of California and were denied. Doc. No. 15. Alternatively, Respondent contends that the Petition should be denied because the summonses at issue were issued for a proper purpose and met the applicable requirements under the Internal Revenue Code. Id.

In opposition, Petitioner argues: (1) that she has not been given a full and fair opportunity to litigate her Petitions to Quash IRS Summons and therefore, they are not barred by collateral estoppel and (2) that she is entitled to an evidentiary hearing to help determine the IRS' institutional posture. Doc. No. 16.

Respondent contends that Petitioner's instant Motion to Quash IRS Summonses is barred by collateral estoppel. Collateral estoppel may only be applied when four factors have been met. Namely, (1) the identical issue (or issues) has been previously adjudicated; (2) the issue has been actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from re-litigating the issue was fully represented in the prior action. *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir. 1995).

The Court notes that Kwolek concedes that the Petition to Quash IRS Summonses filed in this Court on February 22, 1011, is identical in all respects besides the specific summonses in contention as a Petition to Quash IRS Summonses filed by Petitioner in the United States District Court for the Northern District of California, Oakland Division. Doc. No. 15-4. However, Kwolek contends that collateral estoppel does not bar the present action because she was not allowed an evidentiary hearing and therefore, was denied the opportunity to fully litigate her prior petition. Doc. No. 16, 2. This is a misstatement of the collateral estoppel analysis, all of whose elements are met here: 1) the identical issues have been previously adjudicated in the Northern District of California, Oakland division; (2) the issue was actually litigated and decided on the United States' Motion for Summary Denial; (3) the previous determination was necessary to the decision; and (4) Kwolek was fully represented in the prior action.

As in the previous decision, this Court finds that the United States has established a *prima facie* case for enforcement of the summonses. Kwolek has not demonstrated the "minimal

3

amount of evidence" of a lack of good faith that would entitle her to an evidentiary hearing. Therefore, despite Kwolek's arguments, an evidentiary hearing was not required to be held in the United States District Court for the Northern District of California, Oakland Division, and no evidentiary hearing is required in the present case. As such, Kwolek's Petition to Quash IRS Summonses will be DENIED and the United States' Motion for Summary Denial will be GRANTED.

AND NOW, this 21st day of July, 2011, for the foregoing reasons, IT IS HEREBY ORDERED that:

1) The United States' Motion for Summary Denial (Doc. No. 14) is **GRANTED**;

2) Petitioner's Petition to Quash IRS Summonses (Doc. No. 1) is **DENIED**;

3) The Clerk of Court shall mark this **CASE CLOSED**.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:     All Registered ECF Counsel and Parties